UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN VAUGHN, GEOFF BENNETT, TAMMY
BACMEISTER, AND JERRY BACMEISTER,

        Plaintiffs, on behalf of themselves
        and others similarly situated,

v.                              Case No.  5:05-cv-311-Oc-10GRJ

OAK STREET MORTGAGE, LLC,,

        Defendant.
_____/

## ORDER

      On July 20, 2005 the Court conducted a hearing on Defendant's Motion For

Sanctions Including A Cease And Desist Order. (Doc. 19.) For the reasons detailed on

the record, and as more explained below, Defendant's Motion For Sanctions is due to

be **GRANTED in part** to the extent of this order.

## I.  INTRODUCTION

      This case was filed on January 31, 2005 in the Jacksonville Division of this Court

by four loan officers formerly employed by Oak Street Mortgage, LLC ("Oak Street")

asserting claims for overtime compensation under the Fair Labor Standards Act.

Although there has not been any request for conditional certification of this action filed

by the Plaintiffs, the complaint is styled as a collective action on behalf of other similarly

situated loan officers. This case recently was transferred to this Division because there

is presently pending in the Ocala Division a case virtually identical to this case, styled

*Epps v. Oak Street Mortgage, LLC, case no. 5:04-cv-46-Oc-10GRJ.* (the *Epps* Case.")

In *Epps* the Court conditionally certified a class consisting of loan officers who were

employed at Oak Street's Ocala, Atlanta, Greenville and St. Petersburg branch offices after February 2, 2001. Oak Street has filed a motion for decertification of the class in the *Epps* case, which has been pending since March 1, 2005.

Further, in the *Epps* case the parties have engaged in substantial collective action discovery,[1] consisting of interrogatories, requests for production of documents and depositions.[2]  While the *Epps* case was pending - and unknown to this Court at the time - Plaintiff's counsel[3] had filed this instant case in another division of this Court. Although the law firm Nichols, Kaster & Anderson, PLLP, a Minnesota law firm ("Nichols Kaster"), had not filed a request to appear in this action, it represented to the public that it was counsel of record and was involved in this case.[4]

## II. FACTUAL BACKGROUND

According to Defendant, Nichols Kaster has been actively soliciting loan officers of Oak Street throughout the United States to file claims in this case. Defendant alleges that Nichols Kaster is sending letters to employees of Oak Street distributing false information about this lawsuit over a website, which is expressly listed in a solicitation letter sent by Nichols Kaster. The copy of the solicitation letter attached to Defendant's

---

[1] The Court bifurcated discovery in *Epps* into collective action discovery and then after the Court ruled on the decertification the parties would engage in merits discovery.

[2] Plaintiff's propounded eleven sets of interrogatories, twenty-one requests for production, one set of requests for admissions and received more than ten thousand documents from Oak Street. Additionally, Plaintiffs conducted seven depositions, including a deposition of a corporate representative of Oak Street. Oak Street also conducted discovery, which included taking ten depositions.

[3] Plaintiffs were represented in both actions by Saju, Massey & Duffy, LLC.

[4] Nichols, Kaster & Anderson, PLLP filed its motion to appear pro hac vice on June 22, 2005 and on July 7, 2005, after the case was transferred to this division, the Court entered its Order permitting attorneys from Nichols Kaster to appear pro hac vice.

motion[5] is dated June 8, 2005 and is on the letterhead of Nichols Kaster. (The "Solicitation Letter".) In the Solicitation Letter Nichols Kaster identifies this case by style, court and case number and informs the recipient that they may be eligible to join the lawsuit to recover overtime pay. The Solicitation Letter goes on to direct the recipient to complete and return an enclosed consent to join form if the recipient wishes to be included in this case. Lastly, the Solicitation Letter advises the recipient that Nichols Kaster is working with Saju, Massey & Duffy, LLC in this case and invites the recipient to telephone Nichols Kaster or visit the website: www.overtimecases.com. The Solicitation Letter is signed by Paul J. Lukas, who appeared at the hearing on behalf of Plaintiffs.

Oak Street advises that the Solicitation Letter was sent to a number of current and former employees in Florida, Tennessee, Indiana and Missouri and was sent to at least one manager. Oak Street is, however, unaware of how many solicitation letters were distributed in total. At the hearing, counsel for Plaintiffs represented that he believed the Solicitation Letter was sent to all individuals identified on a list produced by Oak Street during discovery in the *Epps* case. Although Nichols Kaster represented to the Court at the hearing that they did not know the employee list had been produced by Oak Street subject to a confidentiality agreement, Oak Street provided the Court at the hearing with a "Stipulation For Confidentiality," dated July 21, 2004 in the *Epps* case, executed by counsel for Oak Street and Saju, Massey & Duffy, LLC.[6] By its express

---

[5] Doc. 19, Ex. "A".

[6] *See,* Ex. "C" to Notebook Index provided to the Court at the hearing.

terms the Stipulation of Confidentiality limited disclosure of confidential documents to counsel of record. Because Nichols Kaster was not counsel of record in the *Epps* case until the date of the hearing,[7] they were not a party to the confidentiality agreement nor were they within the class of persons to whom confidential documents could be disclosed.

The website[8] referenced in the Solicitation Letter contains a hyperlink to this case. The page of the website devoted to this case contains a variety of information including the representation that Nichols Kaster is handling this case with the law firm of Saju, Massey & Duffy, LLC. On June 14, 2005 - the date the website page was copied - Nichols Kaster was not counsel of record in this case and had not even filed a request to appear *pro hac vice.* The website also includes a section providing information on the status of this case. The entry dated June 9, 2005, explaining the status of this case, states: "We have filed a motion for nationwide class certification for this lawsuit and we are awaiting the Court's ruling. There is still time to join this case if you have not already done so."[9] Of course, on that date this representation was completely false. Not only had Nichols Kaster not appeared in the case but no one had filed a motion for nationwide class certification and thus no one - not even Nichols Kaster - was "awaiting the Court's ruling." Indeed, as of the date of the hearing there had been no motion filed for nationwide class certification. Most notable, however, although the request by the

---

[7] At the conclusion of the hearing the Court granted an *ore tenus* request by Nichols Kaster to appear pro hac vice as counsel for Plaintiffs in the *Epps* case.

[8] Doc. 19, Ex. "C."

[9] *Id.*, p. 3.

Plaintiffs in the *Epps* case for conditional class certification of a nationwide class had been turned down by the Court - a fact well known to co-counsel of Nichols Kaster - there was no mention of this fact in the website to potential plaintiffs, who had been solicited through the Solicitation Letter.

Solicitation Letters also were sent to potential opt-in plaintiffs in the State of Florida despite the fact that the Solicitation Letter did not comport with the Florida Rules of Professional Responsibility.[10] While Nichols Kaster is a Minnesota law firm their co-counsel, Saju Massey & Duffy LLC, who are members of the Florida Bar, had a professional - and possibly an ethical - obligation to insure that written communications to solicit business from prospective clients (that they would represent in this case) complied with applicable Florida Bar guidelines.

Lastly, Defendant has filed an affidavit of Steven Russ,[11] a sales manager for Oak Street, in which Mr. Russ avers that on or around June 18-19, 2005 he received an unsolicited telephone call at his home from an individual who identified herself as "an agent of Nichols, Kaster & Anderson." In response at the hearing Nichols Kaster represented to the Court that they did not authorize anyone to telephone potential opt-in Plaintiffs and that the telephone records from their office do not reflect any long-distance telephone calls to the state of Indiana on either June 18th or 19th.   Based on this

---

[10] For example, the Solicitation Letter fails to contain most of the requirements for written communications mandated by Rule 4-7.4(b)(2). While these requirements are technical in nature they are designed to insure that the public is fully informed and not mislead by lawyer advertising. These goals were circumvented by failing to follow appropriate procedures. Additionally, the Solicitation Letter contains misleading information in that the recipient is misled into believing that there has been a request for nationwide certification filed and that simply by sending in the consent form the potential opt-in plaintiff automatically would be a party to this lawsuit. This may violate directly Rule 4-7.4(b)(1)(E) of the Rules Regulating the Florida Bar.

[11] Doc. 35.

inconsistency between the positions of the parties the Court was unable to determine whether, indeed, unsolicited telephone calls had been made by counsel for Plaintiffs or made on their behalf by non-attorney employees. Regardless, all counsel appropriately recognized that unsolicited telephone calls to potential class members would be wholly improper and would violate rules of professional responsibility in most if not all states. Accordingly, based on this record the Court could not make any particularized finding as to whether such telephonic solicitations had been authorized.

## III.  DISCUSSION

The guiding principles for no-contact orders, in class actions, were established by the Supreme Court in Gulf Oil Co. v. Bernard.[12] In Gulf Oil, the Supreme Court instructed that orders limiting communications to members of a class should only be entered based on "a clear record and specific findings that reflect the weighing of a need for limitation and the potential interference with the rights of the parties."[13]  The authority of the Court to govern the conduct of counsel and parties in § 216(b) collective actions includes the authority to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands."[14] Although the Court has broad authority to manage a collective action, the First Amendment requires that where the Court decides to limit communications between lawyers and members of a potential class because of misleading conduct by counsel, the Court's order should be grounded in good cause and any restrictions imposed

---

[12] 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

[13] 452 U.S. at 101, 101 S.Ct. at 2193

[14] Hoffman-LaRoche v. Sperling, 493 U.S. 165, 171, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

should be tailored with a "heightened sensitivity" for first amendment concerns.[15]  Thus, in determining whether to place restrictions on the communications by Plaintiff's counsel the Court first determines whether the "speech" in the Solicitation Letter is misleading and then, if so, the restrictions imposed by the Court should be tailored to address the misleading communications, taking into account First Amendment concerns.[16]

Relevant and critical information conveyed in the Solicitation Letter and communicated to employees of Oak Street was false and misleading and improperly could deceive a potential plaintiff into believing that nationwide class certification was a *fait accompli*. Most notably the Solicitation Letter invited the recipient to consult with the website www.overtimecases.com maintained by Nichols Kaster. The website contains references to both active and inactive cases in which Nichols Kaster was or is presently involved. While there is nothing misleading about the website in general, the website contains a hyperlink to this case. The hyperlink to this case, represented (at the time) that Nichols Kaster "was handling this case in cooperation with the law firm of Saju, Massey & Duffy, LLC." The clear import of this representation is that Nichols Kaster was co-counsel in this case. However, as of June 14, 2005 Nichols Kaster had not even filed a request to appear in this case on behalf of Plaintiffs nor had the Court entered an order granting permission to appear *pro hac vice*. While this representation, standing alone, might not be of such gravity to make the communication misleading, the representation on the web page for this case, dated June 9, 2005 is blatantly false and

---

[15] Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1205 (11th Cir. 1985).

[16] *See, e.g.* Belt v. Emcare Inc., 299 F.Supp. 2d 664, 668 (E.D. Tex. 2003).

misleading. Plaintiff's counsel falsely represented that "'We' have filed a motion for nationwide class certification ... and we are awaiting the Court's ruling." Not only had Nichols Kaster not filed a motion for nationwide class certification but no one had filed such a motion. Indeed, to date no such motion has been filed by Nichols Kaster or their co-counsel. Further the representation that Nichols Kaster was "awaiting the Court's ruling" is equally as misleading in view of the fact that in the *Epps* case the Court had declined to conditionally certify a nationwide class. This omission makes the affirmative representation that "we are awaiting the Court's ruling" that much more egregious.

In addition to this misleading information, the Solicitation Letter - to the extent it was sent to Florida residents - was in violation of the Rules of Professional Responsibility governing the Florida Bar because, among other reasons, it did not comply with many of the guidelines for lawyer advertising proscribed in Rule 4-7.4(b)(2) of the Rules of Professional Responsibility. Where, as here, the communications sent by plaintiff's counsel are found to be in violation of appropriate rules of professional responsibility other courts have not been hesitant to restrict written communications by plaintiff's counsel mandating that they comply with applicable rules of professional conduct.[17] Accordingly, all further written communications, if any, shall be strictly in compliance with the Florida Rules of Professional Responsibility.[18]

---

[17] *See, e.g.* Guichard v. State Farm Fire & Casualty Company, 1995 WL 702510 (E.D. La.).

[18] Saju, Massey & Duffy, LLC, as Florida licensed lawyers, were subject to the Florida rules of professional conduct notwithstanding this order. Further, even though Saju, Massey & Duffy did not send the Solicitation Letters they cannot circumvent the Florida rules of professional responsibility through the expedient of having co-counsel prepare and mail the written communications. However, at this juncture because Nichols Kastor has been admitted to appear in this action *pro hac vice* under Local Rule 2.02(a) Nichols Kaster is "governed by the Code of Professional Responsibility and other ethical limitations or requirements then governing the professional behavior of members of the Florida Bar" as provided for in
(continued...)

Lastly, in addition to the misleading nature of the communications, the manner and method by which Nichols Kaster obtained the list of the names and addresses of Oak Street employees who might be potential plaintiffs raises some serious concerns. According to counsel for Oak Street, they provided a list of employees, with their addresses, to Saju Massey & Duffy in the *Epps* case, as part of the Court ordered collective action discovery but specifically subject to a Stipulation For Confidentiality ("Confidentiality Agreement"), executed by counsel for Oak Street and Saju Massey and Duffy. The Confidentiality Agreement expressly limits disclosure of confidential information, *inter alia,* to "counsel of record." The Solicitation Letters are dated June 8, 2005, a time when Nichols Kaster was not counsel of record in the *Epps* case.[19] Indeed, there is no mention in the Solicitation Letter, the website or anywhere else that Nichols Kaster intended to serve as co-counsel in *Epps.* Whether Nichols Kaster was informed that the list they were provided was subject to a confidentiality agreement - or whether they should have known, even if they were not informed that the list was confidential - is an issue on which there was no evidence presented at the hearing. Nonetheless, Saju Massey & Duffy provided the list to Nichols Kaster with full knowledge that the list was subject to the Confidentiality Agreement and that disclosure to anyone else without permission from Oak Street or the Court was prohibited. These highly questionable circumstances surrounding the dissemination of the Solicitation Letter, further add to the

---

[18](...continued)
Local Rule 2.02(c).

[19] Nichols Kaster became co-counsel in the *Epps* case on July 20, 2005, the date of the hearing in this case when the Court granted the *ore tenus* request by Nichols Kaster to appear *pro hac vice.*

Court's conclusion that the dissemination of the Solicitation Letters was misleading and skirted the borders of professionalism, if not the boundaries of ethical behavior.

Accordingly, for these reasons, and as more fully explained on the record at the hearing, the Court concludes that Defendant's Motion For Sanctions Including A Cease And Desist Order is due to be **GRANTED** to the extent of the narrowly tailored restrictions provided below.

It is, therefore, **ORDERED** that: (1) Nichols Kaster shall produce to counsel for Defendants within **ten (10) days** of the date of this order the names and addresses of the individuals to whom the Solicitation Letters were sent, (2) Defendant's counsel shall be authorized to send a corrective letter[20] to all individuals identified as having received the Solicitation Letter, so that the recipients of the Solicitation Letteres are provided with accurate information concerning the status of certification of a nationwide class in this case, (3) Plaintiffs' counsel, including Saju Massey & Duffy, LLC and Nichols Kaster shall cease and desist sending the Solicitation Letter in its present form; (4) Any future written solicitation letters directed to potential plaintiffs shall be strictly in accordance with the Rules of Professional Conduct of the Rules Regulating The Florida Bar, (5) Nichols Kaster shall remove the hyperlink to this case from their website www.overtimecases.com and shall remove the web pages concerning this case until further order of the court, and (6) Defendant's request for attorney's fees and costs to reimburse them for bringing this motion is **DENIED** at this time with the right of

---

[20] The letters shall be in the form of the proposed letter provided to the Court at the hearing included in Tab "F" of the Notebook.

Defendant to renew the request in the event Defendant is required to seek enforcement of this order.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on August 3, 2005.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
      All Counsel