UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN VAUGHN, GEOFF BENNETT, TAMMY
BACMEISTER, AND JERRY BACMEISTER, ,

           Plaintiffs,

v.                                      Case No. 5:05-cv-311-Oc-10GRJ

OAK STREET MORTGAGE, LLC,,

           Defendant.
_____/

## ORDER

Pending before the Court is Plaintiffs' Motion For Equitable Tolling. (Doc. 81.) Defendant filed a response in opposition (Doc. 89.) Plaintiffs request that the Court equitably toll the statute of limitations from August 19, 2005 to present.[1] For the reasons discussed below, Plaintiffs' motion is due to be **DENIED**.

## I. BACKGROUND

This case was filed on January 31, 2005 in the Jacksonville Division of this Court by four loan officers formerly employed by Oak Street Mortgage, LLC asserting claims for overtime compensation under the Fair Labor Standards Act. On July 5, 2005, the case was transferred to this Division because a virtually identical lawsuit was pending here --*Epps, et al. v. Oak Street Mortgage, LLC*, Case No. 5:04-cv-46-WTH-GRJ.

---

[1] In their motion, Plaintiffs "request the Court equitably toll the statute of limitations to August 19, 2005, thirty days after the July 20, 2005 hearing." Doc. 82, page 5. Based on the substance of Plaintiffs' motion, the Court assumes that Plaintiffs are requested that the Court toll the statute of limitations beginning on August 19, 2005. Even assuming that Plaintiffs are asking the court to equitably toll the statute of limitations until August 19, 2005, it would not change the Court's conclusion that equitable tolling is not appropriate.

In June 2005, Plaintiffs' counsel sent letters to approximately 350 loan officers nationwide.[2] The letter, which was on Nichols, Kaster & Anderson, PLLP letterhead, identified this case by style, court and case number and informed the recipient that they may be eligible to join the lawsuit to recover overtime pay. The letter directed the recipient to complete and return an enclosed consent to join form if the recipient wanted to be included in this case. Lastly, the letter invited the recipient to telephone Nichols Kaster or visit the website -- www.overtimecases.com. (Doc. 19, Exhibit A.) On July 20, 2005, the Court ordered Plaintiffs' counsel to cease and desist sending any further solicitation letters in their present form because they were misleading and required the hyperlink to this case to be removed from the Nichols Kaster website.[3]

On August 18, 2005, the Plaintiffs filed their motion for conditional class certification. (Doc. 47.) The Court stayed the time for Oak Street to respond until after the Court ruled on the motion for decertification in *Epps*. (Doc. 53.) On November 14, 2005, the undersigned entered a Report and Recommendation in *Epps* recommending that Oak Street's motion to decertify be granted in part and denied in part. (Doc. 135 in *Epps*.) On December 16, 2005, Plaintiffs filed their Amended Motion To Lift Cease And Desist Order, requesting permission to send out solicitation letters and post information about the lawsuit on their website. (Doc. 70.) On February 28, 2006, Plaintiffs filed the

---

[2] Defendant attached two copies of the letter to its motion for sanctions. (Doc. 19.) At the hearing on July 20, 2005, Plaintiffs' counsel represented that they sent out approximately 400 letters. However, in subsequent pleadings, Defendant has represented that Plaintiffs sent out 354 letters. See e.g., Doc. 89, page 5.

[3] The Court ruled on the record at the hearing on July 20, 2005 (Doc. 40) and then memorialized its findings in a written Order on August 3, 2005. (Doc. 42.) The Court did not bar future solicitation letters; it merely required that any future letters be in compliance with the Rules of Professional Conduct of the Rules Regulating the Florida Bar.

instant motion for equitable tolling. (Doc. 81.) On March 24, 2006, the undersigned entered a Report and Recommendation recommending that Plaintiffs' Motion for Conditional Certification be denied. (Doc. 85.) On March 27, 2006, the Court denied as moot Plaintiffs' Amended Motion To Lift Cease And Desist Order. (Doc. 87.)

## II. DISCUSSION

The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims.[4] "Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence."[5] In order to apply equitable tolling, "courts usually require some affirmative misconduct, such as deliberate concealment."[6] Plaintiff bears the burden of showing that such extraordinary circumstances exist.[7] In determining whether a plaintiff meets this burden, the court must keep in mind that "[equitable] tolling is an extraordinary remedy which should be extended only sparingly."[8]

---

[4] See Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006.)

[5] Id.(*quoting* Dandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999.))

[6] See Cabello v. Fernandez-Larios, 402 F.3d 1148, 1155 (11th Cir. 2005.)

[7] See Arce, 434 F.3d at 1271.

[8] Id. The Sixth Circuit has applied a five-part framework to determine whether equitable tolling should be applied: (1) whether the plaintiffs lacked actual notice of their rights and obligations;(2) whether the plaintiffs lacked constructive notice; (3) the diligence with which the plaintiffs pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (6) the reasonableness of the plaintiffs remaining ignorant of their rights. See Hasken v. City of Louisville, 234 F.Supp.2d 688, 692 (W.D. Ky. 2002).

Plaintiffs argue that equitable tolling is appropriate because they have been prevented from notifying potential plaintiffs of their right to opt-in to this lawsuit since July 20, 2005, when the Court entered its cease and desist Order. Plaintiffs point out that the motion for conditional certification has been pending since August 18, 2005 and the amended motion to lift the cease and desist order has been pending since December 6, 2005. However, these are not extraordinary circumstances that would justify equitable tolling. Plaintiffs do not suggest that Defendant did anything improper that would justify tolling the statute of limitations in this case. Rather, Plaintiffs have focused on the Court's delay in ruling on pending motions. Standing alone, ordinary delays in the judicial system are routine and not considered extraordinary.[9]

Moreover, Plaintiffs already have sent at least 354 letters to putative plaintiffs, and approximately 80 plaintiffs have opted into this action. At the hearing on July 20, 2005, Plaintiffs' counsel represented that they did not need to send out another letter and that they were "okay for our motion for conditional certification." (Doc. 40, page 48.) As such, it cannot be said that Plaintiffs have been prevented from notifying potential plaintiffs about this case.[10]

---

[9] See e.g., Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002). At the July 20, 2005 hearing, the undersigned noted that:

> In another 216 action recently I granted some equitable tolling, but it was really my fault, not counsel's fault. We had to redo an order of conditional certification. And in that discrete period of time I found it would be unfair to the plaintiffs because we were reworking the definition of the class that someone would be left out.

Plaintiffs cite this portion of the transcript for the proposition that "tolling may be available where a delay was caused by the court and when 'it would be unfair to the plaintiffs . . . that someone would be left out.'" Doc. 82, page 4. However, this is an entirely different situation.

[10] In addition, there is information available about this lawsuit on the LawCash.com website --
(continued...)

Lastly, Plaintiffs have failed to identify even one individual who has sought to join this lawsuit but was unable to do so because the statute of limitations had expired. In contrast, approximately eighty plaintiffs have filed opt-in consent forms despite Plaintiffs' contention that former loan officers are unable to exercise their right to join this litigation. This fact underscores the Court's conclusion that there is no justification for the Court to utilize the extraordinary remedy of equitable tolling in this case.

For the reasons discussed above, the Court concludes that Plaintiffs have failed to meet their burden to show that extraordinary circumstances exist and, accordingly, Plaintiffs' Motion For Equitable Tolling is due to be **DENIED**. (Doc. 81.)

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on April 3, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[10](...continued)
www.lawcash.com/attorney/3278/oak-street-mortgage-llc-lawsuit.asp.