UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN VAUGHN, GEOFF BENNETT,
TAMMY BACMEISTER, AND JERRY
BACMEISTER, ,

                Plaintiffs,

-vs-                                          Case No.  5:05-cv-311-Oc-10GRJ

OAK STREET MORTGAGE, LLC,,

                Defendant.
_____/

**O R D E R**

The United States Magistrate Judge has issued a Report (Doc. 85) in this Fair Labor Standard Act collective action recommending that the Plaintiffs' Motion for Conditional Class Certification, Judicial Notice and Production of List (Doc. 47) be denied. The Plaintiffs have filed objections to the Magistrate's Report (Doc. 91), and the Defendant has filed a response in opposition to the Plaintiffs' objections (Doc. 93).

This action is virtually identical to a companion case pending in this Court, Epps, et al. v. Oak Street Mortgage, L.L.C., Case No. 5:04-cv-46-Oc-10GRJ. Epps was filed in this Court on February 2, 2004, and on July 12, 2004, the Court granted conditional class certification in Epps, limiting the class of potential plaintiffs to those individuals employed in four discrete locations in Florida, Georgia and South Carolina. Following eight months of extensive class discovery, as well as the Plaintiffs' renewal of their request for nationwide certification, the Defendant filed a motion to decertify the Epps class, which the

Magistrate Judge recommended should be granted in part and denied in part. The Court adopted and confirmed this portion of the Magistrate Judge's report and recommendation on May 22, 2006.[1]

On January 31, 2005, towards the close of class discovery in Epps, three of the opt-in Plaintiffs in Epps filed the present action in the Jacksonville Division of the Middle District of Florida. On February 1, 2005, these three opt-in Plaintiffs withdrew their consent to sue notices in Epps. The Plaintiffs in the present case, who are represented by the same counsel as in Epps, did not notify either this Court or the court in the Jacksonville Division of the existence of these two similar cases. Rather, it was the Defendant who notified the Magistrate Judge of this action in Jacksonville, (Doc. 14), and the case was transferred to the Ocala Division on June 30, 2005 (Doc. 25).

On August 18, 2005, the Plaintiffs filed the instant motion for conditional class certification (Doc. 47). The Magistrate Judge stayed the time for the Defendant to respond until after he issued his report and recommendation on the motion for decertification in Epps, which the Magistrate Judge issued on November 14, 2005. The Magistrate Judge then turned its attention to the motion in this case, and issued his report on March 24, 2006 (Doc. 85).

Given the close similarity of factual and legal issues in both Epps and Vaughn, the fact that the parties participated in extensive, nationwide discovery for approximately eight

---

[1]See Doc. 141 in Epps.

months in Epps and utilized almost all of the discovery materials in Epps in making the instant motion in this case, and because the Plaintiffs in Epps were given the opportunity to argue for nationwide certification on two separate occasions, the Magistrate Judge determined that his rulings and analysis in Epps would apply with equal force and effect in the present case.  The Magistrate Judge also determined that due to the extensive class discovery that had already taken place, it was appropriate to skip the first "fairly lenient" stage of analysis for conditional certification, and move directly into the factual determination as to whether the Plaintiffs and putative opt-in class are similarly situated.[2] After making such factual determinations, and applying the legal analysis from Epps, the Magistrate Judge concluded that none of the Plaintiffs or opt-in Plaintiffs were similarly situated to each other, and therefore conditional certification was inappropriate.  The Magistrate Judge further recommended that the opt-in Plaintiffs should be dismissed from this case without prejudice, and that the Court should withhold the entry of final judgment for thirty days so that each opt-in Plaintiff who wishes to proceed with an individual claim can file suit in the appropriate district.

Upon an independent review of the record in this case, as well as the Parties' objections and opposition to objections and the relevant portions of the record in Epps, the Court agrees with the Magistrate Judge's well-reasoned Report and Recommendation denying the Plaintiffs' motion for conditional certification, and finds that the Plaintiffs'

---

[2] See Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1243 n. 1(11th Cir. 2003); Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208, 1217-19 (11th Cir. 2001).

objections are not persuasive. However, because the law is clearly established that the pendency of this action tolled the running of the statute of limitations against the opt-in Plaintiffs once they filed their consent to sue notices,[3] the Court sees no need to withhold the entry of judgment of dismissal without prejudice.

Accordingly, upon due consideration, it is ordered and adjudged that:

(1) the Report and Recommendation of the Magistrate Judge (Doc. 85) is adopted, confirmed and made a part hereof solely with respect to the portion of the report recommending that the Plaintiffs' Motion for Conditional Class Certification, Judicial Notice and Production of List (Doc. 47) be denied. The Report and Recommendation is further adopted and confirmed with respect to its recommendation that all opt-in Plaintiffs' claims should be dismissed without prejudice. In all other respects the Report and Recommendation is rejected;

(2) the Plaintiffs' Motion for Conditional Class Certification, Judicial Notice and Production of List (Doc. 47) is DENIED;

(3) the claims of any and all opt-in Plaintiffs are DISMISSED WITHOUT PREJUDICE and the Clerk is directed to enter judgment accordingly;

(4) the claims of the four named Plaintiffs may proceed as individual claims under the Fair Labor Standards Act;

(5) the Plaintiffs' Objections (Doc. 91) are OVERRULED; and

---

[3] See Grayson v. Kmart Corp., 79 F.3d 1086 (11th Cir. 1996); 29 U.S.C. § 256(a).

Case 5:05-cv-00311-WTH-GRJ   Document 95   Filed 05/30/06   Page 5 of 5 PageID 832

(6) the Plaintiffs' Objections (Doc. 92) to the Magistrate Judge's Order Denying the Plaintiffs' Amended Motion to Lift Cease and Desist Order (Doc. 87) are OVERRULED as MOOT.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 30th day of May, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record